IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE ALEJANDRO SACOMAN,

       Plaintiff,

vs.                                                                      No. CV 18-01100 KG/KRS

SECOND JUDICIAL DISTRICT ATTORNEY,
SECOND JUDICIAL DISTRICT ATTORNEY
OFFICE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Prisoner's Civil Rights Complaint filed by Plaintiff, Ernie Alejandro Sacoman (Doc. 1). The Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted, the Defendants are immune from suit, and Plaintiff's claims are barred by the *Heck* doctrine. The Court will dismiss Plaintiff's Complaint.

1. Factual and Procedural Background

Plaintiff Ernie Alejandro Sacoman is a prisoner in the custody of the State of New Mexico and serving a life sentence for first degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery, and tampering with evidence. *State v. Sacoman*, 1988-NMSC-077, 107 N.M. 588 (1988); *Sacoman v. Williams,* No. 97-2148 (10th Cir. 1998). Sacoman filed his civil rights Complaint on November 26, 2018 challenging his New Mexico sentence. (Doc. 1). His Complaint names, as Defendants, the Second Judicial District Attorney and the Second Judicial District Attorney Office. (Doc. 1 at 1).

Sacoman contends that New Mexico law limits a term of life imprisonment to 30 years. (Doc. 1 at 3). He claims he has been kept in custody beyond the 30 years of imprisonment permitted by New Mexico law and without notice that the prosecution intended to seek an increase to the offender's basic sentence. (Doc. 1 at 3, 5). He argues that Defendants, acting under color of law, incarcerated him and have kept him falsely imprisoned in violation of his Fourth and Fourteenth Amendment rights. (Doc. 1 at 2, 5). He asks this Court to award him damages in the amount of $1,000 per day and to correct his sentence to the 30-year term that "must be imposed by the court after court hearing." (Doc. 1 at 5).

2. Standards for § 1915A and Failure to State a Claim

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
>  . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b).

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under § 1915A and Fed. R. Civ. P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court must also dismiss a complaint under § 1915A if the defendants are immune from relief. 28 U.S.C. § 1915A(a) and (b). It is well settled that the doctrines of judicial and prosecutorial immunity are applicable in actions, such as the case at bar, raising 42 U.S.C. § 1983 claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986). Absolute immunity bars all suits for money damages for acts made in the course of judicial proceedings. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

3. <u>The Allegations of the Complaint Fail to State a Federal Claim for Relief</u>

Plaintiff asserts constitutional claims under 42 U.S.C. § 1983. (Doc. 1 at 2). Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Under the Fourteenth Amendment, "[p]rocedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property." *Becker v. Kroll,* 494 F.3d 904, 918 n. 8 (10th Cir. 2007) (citation omitted). Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Hennigh v. City of Shanee,* 155 F.3d 1249, 1253 (10th Cir. 1998). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show that he was not afforded an appropriate level of process. *Id.* "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." *Smith v. Org. of Foster Families for Equal. & Reform,* 431 U.S. 816, 847 (1977). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (*quoting Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)); *Twombly,* 550 U.S. at 570.

In this case, Sacoman unquestionably had a liberty interest at stake in his state criminal proceedings. Sacoman does generally names a defendant, the Second Judicial District Attorney, and sets out allegations of deprivation of Fourteenth Amendment rights. *Ashcroft v. Iqbal,* 556 U.S. at 676. However, Sacoman fails to identify the individual attorney in the Second Judicial District Attorney's Office that he claims violated his rights. *West v. Atkins*, 487 U.S. at 48. Further, although he claims he has been improperly incarcerated in violation of his constitutional rights, he does not factually specify what actions the attorney allegedly took that resulted in the constitutional violation. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Nor do the allegations of

Sacoman's Complaint demonstrate that Sacoman was deprived of the opportunity to be heard at a meaningful time and in a meaningful manner by the alleged unlawful sentence. *Mathews v. Eldridge,* 424 U.S. at 333. Sacoman's allegations fail to state a constitutional claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676.

4. <u>Defendants are Immune from Relief in this Case</u>

The only Defendants named by Plaintiff Sacoman are "Second Judicial District Attorney" and "Second Judicial District Attorney Office." (Doc. 1 at 1). The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (D.N.M. 2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The sole allegation against Defendant Second Judicial District Attorney is that, acting as

6

prosecutor, he had and kept Plaintiff incarcerated beyond the 30-year term of incarceration allowed by New Mexico law. (Doc. 1 at 3). The Complaint makes no allegation that the District Attorney made any statement or engaged in any activity outside the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430. Defendant District Attorney is entitled to absolute prosecutorial immunity and all claims against him must be dismissed. 28 U.S.C. § 1915A(b); *Burns v. Reed,* 500 U.S. at 485.

Similarly, Plaintiff Sacoman names, as Defendant, the Second Judicial District Attorney Office. (Doc. 1 at 1, 2). The Second Judicial District Attorney Office is an agency of the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State or its agencies under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, the claims against the Second Judicial District Attorney Office must also be dismissed under § 1915(A). *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

5. Plaintiff's Civil Rights Claims are Barred Under *Heck v. Humphrey*

Further, even if Defendants were not entitled to immunity, and the Complaint did state a § 1983 claim for relief, all civil rights claims in this case are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in

favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Sacoman's prayer for relief specifically asks the Court to award him $1,000 damages per day for every day he is "falsely imprisoned." (Doc. 1 at 5). Sacoman's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Sacoman's claims would require treating his State of New Mexico, Second Judicial District Court, sentence as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

6. The Court Declines to Grant Leave to Amend

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's civil rights claims will still be barred by immunity or by *Heck v. Humphry,* any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend in this case. However, it is possible that Sacoman could obtain sentencing relief

through a 28 U.S.C. § 2254 habeas corpus petition. Therefore, the Court will dismiss Plaintiff Sacoman's Complaint without prejudice to a claim for habeas corpus relief.[1]

IT IS ORDERED the Prisoner's Civil Rights Complaint filed by Plaintiff, Ernie Alejandro Sacoman (Doc. 1) is DISMISSED with prejudice, except that the dismissal is without prejudice as to a claim for habeas corpus relief under 28 U.S.C. § 2254.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's Complaint indicates he has filed a State habeas corpus petition. The Court's research indicates that petition is still pending in the Second Judicial District Court, Cause No. D-202-CR-1986-41225. (Doc. 1 at 4).